[Cite as *Culgan v. Miller*, 2011-Ohio-4298.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CLIFFORD CULGAN, et al.

    Appellants

    v.

RICK MILLER, et al.

    Appellees

C.A. No.     10CA0036-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE Nos.    08-CIV-2029
               08-CIV-2030

DECISION AND JOURNAL ENTRY

Dated: August 29, 2011

BELFANCE, Presiding Judge.

{¶1}  Plaintiffs-Appellants Clifford and Rebecca Culgan appeal, pro se, from the judgment of the Medina County Court of Common Pleas granting summary judgment in favor of Defendant-Appellee Rick Miller. In addition, Plaintiff-Appellant Caitlin Culgan has appealed, pro se, from the same judgment. For the reasons set forth below, we affirm.

I.

{¶2}  In 2006, Mr. Culgan, Mrs. Culgan, and Caitlin (collectively "the Culgans") filed a complaint against Bank One, N.A. and several John Doe defendants asserting that Bank One and its employees and the John Doe moving company and its employees "removed, damaged, lost, and stole and otherwise converted" personal property of the Culgans during execution of a writ of possession in November 2004. JP Morgan Chase Bank, N.A. ("Chase"), as the successor by merger to Bank One, N.A., filed a motion for partial summary judgment. Chase asserted that, because Mr. and Mrs. Culgan had previously filed bankruptcy petitions representing that they

had only $1600 of personal property, aside from cash and bank accounts, they should be estopped from claiming damages in excess of that amount as all the property alleged to be damaged was acquired prior to filing the bankruptcy petition. Thus, Chase argued, it was entitled to summary judgment with respect to all but $1600 of the alleged damages. The trial court agreed with Chase, concluding that:

> "Chase is entitled to a partial summary judgment as reasonable minds can only conclude that the judicial estoppel doctrine applies. [T]he Culgans are estopped from pursuing a claim based on personal property loss or damage in excess of $1,600.00. They admitted that no personal property was acquired by them after their bankruptcy filings, and they listed in their schedules that the value of their personal property was $1,600.00. They are estopped from asserting otherwise."

Thereafter, the trial court dismissed the John Doe defendants from the suit without prejudice. The Culgans filed an amended complaint specifically naming Mr. Miller as a defendant. The amended complaint was stricken. Subsequently, the Culgans entered into a confidential settlement agreement with Chase, and the Culgans dismissed all their claims against Chase with prejudice but reserved their rights to sue Mr. Miller.

{¶3} The instant appeal concerns the subsequent complaints filed against Mr. Miller. In one action, Mr. Culgan and Mrs. Culgan filed a complaint against Mr. Miller individually and Mr. Culgan also asserted claims as trustee for the Caitlin R. Culgan Children's Trust ("the Trust"). In a separate action, Caitlin filed a complaint against Mr. Miller individually, and as beneficiary of the Trust. Both actions were consolidated in 2008. In both complaints, the Culgans alleged that, in November 2004, Mr. Miller, along with several John Doe defendants (who were later dismissed from the suit), "damaged, destroyed, lost, stole, and/or converted" approximately one million dollars of the Culgans' personal property while they were executing a writ of possession on the Culgans' former home, which was previously foreclosed upon. The complaints sought damages in excess of one million dollars, along with punitive damages.

{¶4}    Mr. Miller moved to dismiss the John Doe defendants, to file a transcript of the settlement proceedings with Chase under seal, to have the Culgans produce a copy of the release and settlement agreement, subject to protective order, and to transfer the trial court's record in the action with Chase into the record of the instant action. The trial court granted the motions. Mr. Miller moved for summary judgment asserting that the Culgans were barred by judicial estoppel from asserting claims for property not disclosed on the bankruptcy schedules, that the claims were barred by the statute of limitations, that claims filed on behalf of the trust should be dismissed, that the Culgans had been fully compensated by the settlement with Chase, that their claims were barred by the doctrine of unclean hands, and that Mr. Miller is entitled to judicial immunity and an award of attorney fees. The Culgans responded in opposition. Mr. Miller filed a reply brief and a motion to strike the exhibits attached to the Culgans' motion in opposition to Mr. Miller's motion for summary judgment. The Culgans then filed affidavits apparently in response to Mr. Miller's motion to strike.

{¶5}    The trial court held that Mr. Miller was entitled to summary judgment against Mr. and Mrs. Culgan based upon the doctrine of judicial estoppel and because the Culgans "received more than the values claimed in the bankruptcy case in their settlement with Bank One." With respect to the Trust and Caitlin, who were not parties to the bankruptcy action, the trial court concluded that they failed to demonstrate a genuine issue of fact for trial. The trial court concluded that the exhibits attached to the Culgans' motion in opposition were improper summary judgment evidence and, accordingly, could not be considered. The trial court went on to state that "[t]here are no affidavits or evidentiary material to establish the alleged trust, ownership of the personal property or claims against Miller for taking the property."

{¶6} The Culgans filed a collective notice of appeal, signed by each of them as individuals. There was no notice of appeal filed on behalf of the Trust. Mr. Miller filed a notice of cross-appeal. While the appeal was pending, the Culgans filed a motion to vacate pursuant to Civ.R. 60(B) in the trial court. The Culgans thereafter requested that we stay the proceedings and remand the matter to the trial court so that it could rule on their motion. We granted the request.

{¶7} Upon expiration of the stay and remand, this Court noted that Caitlin had failed to file an appellate brief. This Court issued an order giving her twenty days to comply. Caitlin did file a brief in which she avers that the trial court erred in granting summary judgment regarding the Trust and violated her due process and equal protection rights. However, the majority of the arguments she raised were not her own, but those of the Trust. To the extent that Caitlin's merit brief can be read as advancing arguments on her own behalf, she has not articulated any argument as to why the trial court erred in granting summary judgment against her individually, and we cannot construct an argument for her. App. R. 16(A)(7). Accordingly, we overrule her assignment of error.

{¶8} Mr. and Mrs. Culgan raise a single assignment of error which we now address.

II.

ASSIGNMENT OF ERROR I

"The trial court erred in granting summary judgment in favor of Defendant in regards to Plaintiffs Clifford J. & Rebecca L. Culgan, violating their rights to due process and equal protection under the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Art[icle] I [Section] 16 of the Ohio Constitution."

{¶9} While Mr. and Mrs. Culgan's assignment of error is captioned as a due process and equal protection argument, they also assert in the text of their argument that the trial court

erred in granting summary judgment because they "purchased property after the [bankruptcy] filing, and received property as gifts from relatives and friends, that is not subject to judicial estoppel[.]" Mr. and Mrs. Culgan concede that judicial estoppel is applicable to the property they owned prior to the bankruptcy filing.

{¶10} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. "Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.'" *Turner v. Turner* (1993), 67 Ohio St.3d 337, 339-340, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶11} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issues of material fact exist. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. Id. at 293.

{¶12} We note that the focus of Mr. and Mrs. Culgan's argument is whether the judicial estoppel doctrine applies because they acquired property subsequent to the bankruptcy filing. However, they do not challenge on appeal the trial court's conclusion that, assuming the judicial estoppel doctrine applies, their claims are barred because they received more than the value claimed in the bankruptcy case in their prior settlement with Chase.

{¶13} Mr. and Mrs. Culgan assert that the doctrine of judicial estoppel does not apply to bar their action to the extent they are claiming damage to property they personally acquired

subsequent to the bankruptcy filing, to property acquired as gifts, or to other property that did not have to be listed on the bankruptcy schedule. Mr. and Mrs. Culgan, however, did not make this argument in the trial court. Instead, Mr. and Mrs. Culgan's primary argument in the trial court was that the property at issue did not belong to them, and that "all undisclosed property that was not included on Schedule B of the Culgans' bankruptcy petition was not the property of Clifford J. or Rebecca L. Culgan, and was not subject to disclosure as it belonged to Caitlin R. Culgan personally or the Caitlin R. Culgan Children[']s Trust[.]" Accordingly, because Mr. and Mrs. Culgan did not raise the arguments they now make prior to filing their notice of appeal, they have forfeited them, and we decline to address them. See, e.g., *Roberts v. Reyes,* 9th Dist. No. 10CA009821, 2011-Ohio-2608, at ¶¶8-9; *Chaparro-Delvalle v. TSH Real Estate Invest. Co, Inc.*, 9th Dist. No. 05CA008712, 2006-Ohio-925, at ¶8 ("Appellants failed to raise these issues before the trial court and, therefore, have [forfeited] the right to raise the issues on appeal.").

{¶14} Mr. and Mrs. Culgan have not asserted any other basis on which the trial court erred in granting summary judgment to Mr. Miller. Further, Mr. and Mrs. Culgan have not otherwise asserted that Mr. Miller was not entitled to summary judgment as a matter of law. After an independent review of the record, and based upon the limited arguments made to this Court, we cannot say the trial court erred in concluding that the doctrine of judicial estoppel was applicable. "The doctrine of judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." (Internal quotations and citations omitted.) *Greer-Burger v. Temesi*, 116 Ohio St.3d 324, 2007-Ohio-6442, at ¶25. "The doctrine applies only when a party shows that his opponent: (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court. Courts have applied this doctrine when inconsistent claims were made in

bankruptcy proceedings that predated a civil action." (Internal citations and quotations omitted.) Id. It is undisputed that Mr. and Mrs. Culgan filed bankruptcy petitions. Subsequent to those filings, they brought a complaint seeking nearly a million dollars in damages to personal property *after* having each only listed $1600 of personal property on the Schedule B forms in the previously filed bankruptcy proceedings. Mr. and Mrs. Culgan do not dispute the accuracy or completeness of the Schedule B forms which are part of the record or that they each received a discharge in bankruptcy. Their main argument in the trial court was that the property that was not disclosed in Schedule B of their bankruptcy petition did not belong to them, which undermined their claim that Mr. Miller had converted property belonging to them personally. In addition, to the extent that Mr. and Mrs. Culgan also claimed a conversion of their personal property, there was evidence in the record to support the conclusion that their individually owned property, allegedly converted by Mr. Miller, was acquired prior to bankruptcy filing. Thus, the trial court's conclusion they are judicially estopped from claiming damages in excess of the amount they reported on the Schedule B bankruptcy forms is consistent with the arguments advanced by Mr. and Mrs. Culgan to the trial court. Accordingly, we overrule Mr. and Mr. Culgan's sole assignment of error.

III.

{¶15} In light of the foregoing, we affirm the judgment of the Medina County Court of Common Pleas.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
EVE V. BELFANCE
FOR THE COURT

MOORE, J.
DICKINSON, J.
CONCUR

APPEARANCES:

CLIFFORD J. CULGAN, pro se, Appellant.

REBECCA L. CULGAN and CAITLIN R. CULGAN, pro se, Appellants.

KURT D. ANDERSON, Attorney at Law, for Appellee.