[Cite as *Chiancone v. Akron*, 2014-Ohio-1500.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RICHARD A. CHIANCONE

      Appellant

      v.

CITY OF AKRON

      Appellee

C.A. No.     26596

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 01 0198

DECISION AND JOURNAL ENTRY

Dated: April 9, 2014

CARR, Judge.

**{¶1}** Appellant, Richard Chiancone, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

**{¶2}** This disability discrimination action followed a dangerous sequence of events involving Richard Chiancone, a lieutenant with the Akron Fire Department.

**{¶3}** On June 18, 2006, Chiancone's then wife, Stacie Frabotta, arrived at the couple's home and encountered Chiancone, who appeared to be "on edge." Chiancone got into his Chevy Tahoe and demanded that Frabotta move her Ford Escape so that he could leave. Frabotta denied Chiancone's request and pleaded with him to get out of the vehicle. Chiancone then slammed his SUV into Frabotta's vehicle multiple times until he created enough space to exit the driveway. After Chiancone drove off, Frabotta ran up to the couple's office to see if any firearms were missing. She found that the room had been ransacked and that one of Chiancone's

hunting rifles was gone. Frabotta dialed 9-1-1 and reported that Chiancone was carrying a firearm and had been drinking.

{¶4} After fleeing his residence, Chiancone drove onto the highway and struck two cars with his SUV, causing both to run off I-77. The first driver informed police that Chiancone's Chevy Tahoe approached from the rear at a high rate of speed and struck the man's vehicle three times. Chiancone then went to pass the man on the right side and struck him again, causing the man to do a 360-degree spin and then drive off the roadway. A second man informed police that an "SUV came out of nowhere" and struck his vehicle from behind. The impact caused the second man who was traveling in the left lane, to drive off the right side of the highway. After the collision, the man drove back onto the highway and pursued Chiancone before eventually alerting law enforcement. Though police gave chase on the highway, Chiancone was eventually able to get away.

{¶5} Later that day, Chiancone was met by a friend who accompanied him to the Brecksville Police Department where Chiancone surrendered to authorities. Chiancone was kept in jail for three days and was charged with two counts of felonious assault, one count of failure to comply with the signal of a police officer, one count of reckless operation, and one count of failure to stop after an accident. Chiancone was initially charged in the Garfield Heights Municipal Court and then bound over to the Cuyahoga County Court of Common Pleas for further prosecution.

{¶6} After being released from jail, Chiancone went to the Akron General Medical Center where he remained under psychiatric evaluation for more than a week. He was diagnosed with severe bipolar disorder and manic depression. Chiancone maintains that in the weeks following his diagnosis, he notified City officials of his medical condition.

{¶7}   Approximately one month prior to the incident, Chiancone, a firefighter and paramedic, had received a promotion to lieutenant subject to a 90-day probationary period. After the incident, on July 10, 2006, the City placed Chiancone on indefinite suspension for violation of the Civil Service Rules.  The Cuyahoga County Prosecutor's Office subsequently moved to dismiss the charges against Chiancone, but reserved the right to re-file the charges at a later date. On December 1, 2006, Chiancone was notified that his indefinite suspension had been converted to a definite suspension without pay from July 10, 2006, through December 1, 2006, and that he had failed his probationary period.

{¶8}   On January 11, 2011, Chiancone filed a complaint against the City of Akron requesting a declaration that the City violated the Americans with Disabilities Act, as well as a claim for disability discrimination in violation of R.C. Chapter 4112.  Chiancone alleged in his complaint that he suffers from bipolar disorder and that he is a recovering, non-abusing alcoholic.  The matter was removed to federal court where Chiancone's A.D.A. claims were dismissed.  The case was then remanded to the Summit County Court of Common Pleas.

{¶9}   On May 15, 2012, the City filed a motion for summary judgment on Chiancone's remaining claim.  On May 29, 2012, Chiancone filed a brief in opposition to the motion, and the City filed a reply brief on June 6, 2012.  The trial court subsequently issued a journal entry granting the City's motion for summary judgment.

{¶10}  On appeal, Chiancone raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DISMISSED RICHARD CHIANCONE'S CLAIMS OF DISABILITY DISCRIMINATION ON SUMMARY JUDGMENT BECAUSE A REASONABLE JURY COULD EASILY CONCLUDE THAT THE FIRE DEPARTMENT'S MORE

FAVORABLE TREATMENT OF NON-DISABLED EMPLOYEES CHARGED WITH CRIMINAL CONDUCT, AND ITS DECISION-MAKERS' NEGATIVE ATTITUDES TOWARDS, AND BIASED COMMENTS ABOUT, CHIANCONE'S MEDICAL CONDITION, CONSTITUTE EVIDENCE OF DISABILITY DISCRIMINATION.

{¶11} In his assignment of error, Chiancone argues that the trial court erred in granting the City's motion for summary judgment. Chiancone contends that the City discriminated against him on the basis of a disability. This Court disagrees.

{¶12} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶13} Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once a moving party satisfies its burden of supporting its motion for summary judgment with acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or

denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶15} R.C. 4112.02(A) provides that it is "an unlawful discriminatory practice [f]or any employer, because of the * * * disability * * * of any person * * * to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." The ultimate issue in cases where a plaintiff alleges employment discrimination in violation of R.C. Chapter 4112 is whether the adverse employment action was motivated by discriminatory intent. *See Columbus Civ. Serv. Comm. v. McGlone*, 82 Ohio St.3d 569, 571 (1998).

{¶16} The Supreme Court of Ohio has consistently held that a court considering a disability discrimination claim pursuant to R.C. 4112.02 may look to case law interpreting the Americans with Disabilities Act for guidance. *See McGlone*, 82 Ohio St.3d at 573. In the instant case, the parties have not identified any pertinent differences between Ohio case law and federal case law in their merit briefs.

{¶17} In order to establish a prima facie case of disability discrimination, a plaintiff must demonstrate: (1) he was disabled; (2) he was otherwise qualified for the position, with or without reasonable accommodation; (3) he suffered an adverse employment action; (4) the employer knew or had reason to know of his disability; and (5) the position remained open while his employer sought other applicants or he was replaced. *Macy v. Hopkins Cty. School Bd. of Edn.,* 484 F.3d 357, 365 (6th Cir.2007); *White v. Std. Ins. Co*., 529 Fed.Appx. 547, 549 (6th Cir.2013). When the plaintiff presents indirect evidence to establish a prima facie case of disability discrimination, the burden shifts to the employer to show a nondiscriminatory reason

for the adverse employment action. *White*, 529 Fed.Appx. at 550. If the employer makes this showing, the burden shifts back to the employee to show that the nondiscriminatory reason was a mere pretext. *Id.*

{¶18} In order to demonstrate that an employer's reasons for the adverse employment action were merely pretextual, the plaintiff must show one of the following: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the adverse employment action, or (3) that the employer's reasons were insufficient to motivate the adverse employment action. *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir.1994), citing *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir.1993). Under the third *Manzer* prong, a showing that similarly situated employees were treated differently can lend support to a pretext argument. *Smith v. Leggett Wire Co.*, 220 F.3d 752, 762 (6th Cir.2000).

{¶19} Assuming as the trial court did that Chiancone made a prima facie case of discrimination, the primary issue presented in this appeal is whether the City acted with a discriminatory intent in disciplining Chiancone. Pursuant to City policy, any fire department employee accused of a felony was placed on indefinite suspension. Upon the resolution of the criminal matter, the City determined whether further discipline of the employee was appropriate. In his merit brief, Chiancone does not offer a substantive argument disputing that the severity of his actions on June 18, 2006, gave rise to a legitimate, non-discriminatory reason for the City to impose discipline. Instead, Chiancone offers three arguments in support of his position that the City's legitimate, nondiscriminatory reason for disciplining him was merely a pretext for disability discrimination. First, Chiancone argues that he was not afforded an adequate disciplinary hearing and that the City engaged in delay prior to returning him to work. Second, Chiancone argues in his merit brief that two similarly situated, non-disabled employees, Johnny

Hullum and Jesse Jones, received more favorable treatment from the City. Third, Chiancone argues that statements made by City employees during their deposition testimony were indicative of a discriminatory animus.

{¶20} As an initial matter, we note that while Chiancone first argues on appeal that the City discriminated against him by not affording him a disciplinary hearing and by engaging in delay prior to returning him to work, Chiancone did not raise this argument in his brief in opposition to the motion for summary judgment. The same is true for Chiancone's third argument on appeal that the City's decision makers exhibited a discriminatory animus by expressing negative attitudes and biases about Chiancone's bipolar disorder diagnosis. Chiancone's primary argument below, in relation to pretext, was that he was punished more severely than the individuals he offered as comparators. "Although this Court conducts a de novo review of summary judgment, it is nonetheless a review that is confined to the trial court record." *Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9, quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 WL 635722 (Aug. 18, 1999). Thus, as Chiancone did not raise these arguments before the trial court, he has forfeited those arguments on appeal, and this Court declines to address them. *See Culgan v. Miller*, 9th Dist. Medina No. 10CA0036-M, 2011-Ohio-4298, ¶ 13.

{¶21} The remaining argument offered by Chiancone on appeal is that two fire department employees, Hullum and Jones, were similarly situated, non-disabled employees of the fire department who were previously charged with felonies and received more favorable treatment. To establish that another employee qualifies as an appropriate comparator, the plaintiff must demonstrate that he or she is similarly situated to the claimed comparator in all relevant respects. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th

Cir.1998); "In practical terms, two employees are not similarly situated in all relevant respects if there is a meaningful distinction between them that explains their employer's different treatment of them." *Koski v. Willowwood Care Ctr. of Brunswick*, *Inc*., 158 Ohio App.3d 248, 2004-Ohio-2668, ¶ 17 (9th Dist.) (holding that an employee serving as a supervisor is not similarly situated as an employee in a nonsupervisory role).

{¶22} A review of the record reveals that Hullum and Jones were not similarly situated to Chiancone. First, Chiancone was a supervisor and lieutenant when he was charged with the multiple felonies, whereas Hullum and Jones were in nonsupervisory roles as firefighters. Second, Chiancone was still in his 90-day probationary period as a lieutenant. Thus, unlike Hullum and Jones, Chiancone was under a period of heightened evaluation to determine whether he was fit to serve in a supervisory capacity where he would be responsible for the conduct of other employees. Finally, Chiancone does not dispute that he committed the conduct underlying the charged felonies, only that he cannot be held responsible. The prosecutor did in fact dismiss the charges, but reserved the right to re-file the charges at a later date. On the other hand, a grand jury specifically found there was not probable cause to indict Hullum and Jones. Therefore, as there were clear, meaningful distinctions between Chiancone and the two firefighters he identifies as having received more favorable treatment, they were not similarly situated.

{¶23} Accordingly, Chiancone did not demonstrate that the City's reasons were pretextual, and summary judgment was, therefore, properly granted. The assignment of error is overruled.

III.

{¶24} Chiancone's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

BRUCE B. ELFVIN, BARBARA KAYE BESSER, and STUART TORCH, Attorneys at Law, for Appellant.

CHRISTINA M. ROYER, Attorney at Law, for Appellant.

CHERI B. CUNNINGHAM, Director of Law, and JOHN CHRISTOPHER REECE and STEPHEN A. FALLIS, Assistant Directors of Law, for Appellee.