[Cite as *Roberts v. Reyes*, 2011-Ohio-2608.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

CRYSTAL ROBERTS, et al.　　　　　　　　C.A. No.　　10CA009821

　　Appellants

　　v.　　　　　　　　　　　　　　　　APPEAL FROM JUDGMENT
　　　　　　　　　　　　　　　　　　ENTERED IN THE
DAVID C. REYES, et al.　　　　　　　　COURT OF COMMON PLEAS
　　　　　　　　　　　　　　　　　　COUNTY OF LORAIN, OHIO
　　Appellees　　　　　　　　　　　　CASE No.　　03CV134243

DECISION AND JOURNAL ENTRY

Dated: May 31, 2011

---

CARR, Presiding Judge.

{¶1}　Appellants, Chrystal Roberts and her mother (collectively "Roberts"), appeal from a judgment of the Lorain County Court of Common Pleas that granted summary judgment to State Farm Insurance Company, finding that State Farm had no obligation to defend or indemnify David or Iris Reyes against Roberts' claims against them. This Court affirms.

I.

{¶2}　On July 18, 2001, sixteen-year-old Chrystal Roberts sustained physical injuries when she was struck by a pick-up truck negligently operated by David Reyes. Reyes was driving a vehicle that was owned by his wife, Iris Reyes. Iris Reyes insured the pick-up truck and was the named insured under an automobile insurance policy with State Farm Insurance Company.

{¶3}　Roberts, through her mother, filed this action, seeking recovery for the injuries she had sustained in the accident. This case has had a lengthy history, involving other parties

and a prior appeal to this Court, much of which is not relevant to this appeal. See *Roberts v. Reyes*, 9th Dist. No. 09CA009576, 2010-Ohio-1086. Roberts filed a claim against David Reyes for negligently operating a vehicle and against Iris Reyes for negligently entrusting her vehicle to David.

{¶4} State Farm filed a separate declaratory judgment action that was later consolidated with Roberts' case. State Farm sought a declaration that it had no duty to defend or indemnify Iris or David Reyes against Roberts' claims against them. It maintained that the policy held by Iris Reyes included a Driver Exclusion Endorsement that explicitly excluded any coverage for damages caused if a vehicle was operated by David Reyes and, therefore, it excluded any coverage for David's negligent operation of the vehicle and Iris's alleged negligent entrustment of the vehicle to him.

{¶5} State Farm moved for summary judgment on its declaratory judgment action, maintaining that, pursuant to the policy's Driver Exclusion Endorsement, it had no duty to defend or indemnify either of the Reyeses against Roberts' claims. Although the trial court initially denied State Farm's motion, it eventually granted State Farm summary judgment upon reconsideration. After this Court dismissed Roberts' prior appeal for lack of a final, appealable order because Roberts' claims against the Reyeses were still pending, the trial court issued a new ruling on the summary judgment motion that included a finding that "there is no just reason for delay pursuant to Civil Rule 54(B)[.]" Roberts appeals and raises two assignments of error, which will be addressed together for ease of discussion.

II.

**ASSIGNMENT OF ERROR I**

"THE INCOMPLETE AND DEFICIENT 'DRIVER EXCLUSION AGREEMENT' DEMONSTRATES THAT A GENUINE DISPUTE EXISTS

OVER A MATERIAL FACT AS TO THE VALIDITY OF THE PUTATIVE 'DRIVER EXCLUSION AGREEMENT[.]'"

## ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED IN RULING THAT APPELLEE IRIS REYES' NEGLIGENT ENTRUSTMENT OF HER CHEVROLET PICK-UP TRUCK WAS NOT COVERED UNDER THE LIABILITY PORTION OF THE APPELLEE IRIS REYES' STATE FARM POLICY[.]"

{¶6} Roberts argues that the trial court erred in granting summary judgment to State Farm and declaring that it had no duty to defend or indemnify Iris or David Reyes in this action. This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:

> "(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex. rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589.

{¶7} Through its motion for summary judgment, State Farm pointed to the endorsement in Iris Reyes's policy that explicitly excluded all coverage under the policy if the loss was caused by David Reyes driving any vehicle and argued that the exclusion relieved it of any duty to defend or indemnify David or Iris Reyes. In opposition, Roberts did not specifically address the applicability of the exclusion, but instead pointed to the broad coverage language of Iris' policy.

{¶8} On appeal, Roberts raises one argument that is not relevant, that Iris Reyes was negligent in allowing David Reyes to drive her car, and another that she did not raise in

opposition to State Farm's motion for summary judgment, that there were disputed facts about whether Iris and David agreed to a driver exclusion that explicitly excluded David Reyes and/or whether they understood its effect. In opposition to summary judgment, Roberts failed to raise any arguments to dispute that Iris and David Reyes agreed to the Driver Exclusion Endorsement. She did not dispute State Farm's evidence that Iris Reyes testified that she was aware of the exclusion in the State Farm policy and understood its effect: "Well, the exclusion, I know that [David] couldn't drive the truck."

{¶9} Although both parties now dispute whether there was evidence before the trial court about the Driver Exclusion Agreement signed by David and Iris Reyes and the significance of that evidence, because Roberts failed to raise that issue in opposition to summary judgment, this Court need not address it now. "Although this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below." (Emphasis in original.) *Owens v. French Village Co.* (Aug. 18, 1999), 9th Dist. No. 98CA0038.

{¶10} Roberts has never disputed State Farm's summary judgment evidence that Iris Reyes's State Farm policy did, in fact, include a Driver Exclusion Endorsement. The construction of an insurance policy is a matter of law and it is presumed that the intent of the parties is reflected in the language of the insurance policy. *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, at ¶11; *Long Beach Assn., Inc. v. Jones* (1998), 82 Ohio St.3d 574, 576. "When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Galatis* at ¶11.

{¶11} Even if extrinsic evidence of the Reyeses' intent had been before the trial court on summary judgment, the court had no need to look beyond the language of the insurance policy

unless it found it to be ambiguous on this coverage issue. Therefore, this Court must first determine whether the trial court correctly concluded that the Driver Exclusion Endorsement in Iris Reyes's State Farm insurance policy unambiguously precluded State Farm's duty to defend or indemnify Iris or David Reyes in this action.

{¶12} The Driver Exclusion Endorsement in this policy provided:

"IN CONSIDERATION OF THE PREMIUM CHARGED FOR *YOUR* POLICY ITS IS AGREED WE SHALL NOT BE LIABLE AND NO LIABILITY OR OBLIGATION OF ANY KIND SHALL ATTACH TO US FOR *BODILY INJURY, LOSS* OR DAMAGE UNDER ANY OF THE COVERAGES OF THE POLICY WHILE ANY MOTOR VEHICLE IS OPERATED BY

"DAVID REYES"

{¶13} State Farm argued to the trial court that, because David Reyes, the excluded driver, was operating the motor vehicle that injured Roberts, it had no liability for bodily injury, loss or damage under any provision of the policy. State Farm cited Ohio case law to support its argument that, given the language of the exclusion, it had no obligation to defend or indemnify either David Reyes for his negligent operation of the vehicle or Iris Reyes for her alleged negligent entrustment of the vehicle to him. See *Brunner v. State Farm Mut.* (May 20, 1994), 6th Dist. No. S-93-41; *Childers v. Motorists Mut. Ins. Co.* (Aug. 24, 1990), 11th Dist. No. 89-L-14-030. Although *Brunner* and *Childers* include little reasoning to support their decisions, this Court's research revealed numerous cases from other jurisdictions that did.

{¶14} Courts in other states have consistently held that similar driver exclusions in automobile insurance policies preclude any coverage for the excluded driver's negligent operation of the insured vehicle as well as coverage for the vehicle owner's negligent entrustment of the vehicle to the excluded driver. The Maryland Court of Appeals began its analysis with a focus on the purpose behind the driver exclusion provision:

"The purpose of the provision is to allow a family automobile to remain insured, instead of having the insurance policy cancelled, by excluding from the insurance policy a member of the household whose driving record would have warranted a cancellation of the policy. Allowing a driver to be specifically excluded avoids cancellation or non-renewal of policies and permits the other family members to retain the required security on the family car." *Neale v. Wright* (1991), 585 A.2d 196, 202.

Maryland's highest court concluded that "[i]f the insurer of the family car were still liable under the policy if the excluded driver operates the vehicle, on a theory of negligent entrustment by the non-excluded insured spouse, the purpose of the named driver exclusion provision would be defeated." Id.

{¶15} The Oklahoma Supreme Court followed the reasoning of *Neale* and several other decisions that "to permit liability for negligent entrustment of a vehicle to the driver named in the exclusion would be forcing an insurer to accept a risk not bargained for and for which no additional premium had been paid." *Pierce v. Oklahoma Property and Cas. Ins. Co*. (1995), 901 P.2d 819, 824. Likewise, a Louisiana appellate court reasoned that whether the claim is one for the excluded driver's negligence in operating the vehicle or for the owner's negligent entrustment of the vehicle to him, "the alleged liability arose while [the excluded driver] was operating a covered auto and was thus excluded from coverage under the policy." *Natl. Automotive Ins. Co. v. Castleman* (2007), 968 So.2d 819, 823. To conclude otherwise "would unjustly deprive the insurer of the benefit of its bargain to allow an insured to purchase a vehicle liability policy with an excluded driver endorsement, proceed to permit the excluded driver to drive the insured vehicle, and then reap the benefits of the policy." Id.

{¶16} This Court was unable to find any legal authority that has construed insurance policy driver exclusions to the contrary, i.e. that, despite the exclusion, the insurer has a duty to defend or indemnify either the excluded driver or the vehicle owner for negligent entrustment of

the vehicle to him.  Consequently, the trial court correctly concluded that State Farm had no duty to defend or indemnify Iris or David Reyes and was entitled to summary judgment on its complaint for declaratory judgment.  The assignments of error are overruled.

III.

**{¶17}** The assignments of error are overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellants.

WALTER H. KROHNGOLD, Attorney at Law, for Appellee.

CLARK D. RICE, Attorney at Law, for Appellee.

DAVID C. REYES, pro se, Appellee.