[Cite as *Cincinnati Ins. Co. v. Song*, 2012-Ohio-1062.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97379**

# THE CINCINNATI INSURANCE CO.

PLAINTIFF-APPELLEE

vs.

# KYUNG SONG, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-615775

**BEFORE:**   Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 15, 2012

**ATTORNEY FOR APPELLANTS**

Harold L. Levey
410 The Leader Building
526 Superior Avenue
Cleveland, Ohio 44114-1984

**ATTORNEY FOR APPELLEE**

Patrick S. Corrigan
55 Public Square
Suite 930
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Kyung Song ("Song"), appeals from the order of the trial court that granted summary judgment to plaintiff-appellee, The Cincinnati Insurance Co. ("Cincinnati Insurance"), in its declaratory judgment action. For the reasons set forth below, we reverse and remand for further proceedings.

{¶2} During the one-year period beginning on October 27, 2005, Kevin Latona ("Latona") was the named insured under an automobile insurance policy issued by Cincinnati Insurance. In relevant part, this policy provided liability coverage from October 27, 2005 through October 27, 2006, "[w]hen a 'covered person' becomes legally responsible because of an auto accident[.]"

{¶3} The policy further defined "covered person" to include "[a]ny person using 'your covered auto.'"

{¶4} The policy also provided that it would be cancelled for nonpayment of premium, material misrepresentation, or:

If "your" driver's license or that of:

(1) Any driver who lives with "you"; or

(2) Any driver who customarily uses "your covered auto";
has been suspended or revoked. This must have occurred:

(1) During the policy period; or

(2) Since the last anniversary of the original effective date if the policy period is other than 1 year.

{¶5} The policy also provided, in the uninsured motorists coverage provision, the following:

A. "We" do not provide Uninsured Motorists Coverage for "bodily injury" or "property damage" sustained by any person:

* * *

3. While operating or "occupying" a "motor vehicle" without a reasonable belief that he or she is entitled to do so, provided that under no circumstances will a person whose license has been suspended, revoked or never issued be held to have a reasonable belief that he or she is entitled to operate a "motor vehicle. "

{¶6} On June 9, 2006, Song was operating Latona's vehicle when it was struck by an uninsured motorist, Archie Howard. Later that day, as Latona was driving to the police station to make a police report about the first collision, he backed into a retaining wall, causing damage to the rear of the car.

{¶7} Immediately following the accident, Latona and Song learned that Cincinnati Insurance had agreed to indemnify him for the damage to his vehicle, totaling $3,996. Song then began to receive treatment for her injuries. Six months later, on December 5, 2006, Cincinnati Insurance informed Song that she was an excluded driver under the policy, and it demanded that Song reimburse the money it had paid to Latona.

{¶8} On February 13, 2007, Cincinnati Insurance filed a complaint for declaratory judgment against Song, Latona, and Howard. In its first claim for relief, Cincinnati Insurance claimed that Song was an excluded driver under Latona's policy and is not

entitled to recovery for damages, bodily injury, or uninsured motorists benefits resulting from the collision with Howard. In the second claim, Cincinnati Insurance asserted a claim for unjust enrichment against Latona, seeking recovery of $3,996 for property damages that the insurer paid as the result of Latona's alleged misrepresentations and omissions about the collision. In the third claim, Cincinnati Insurance sought subrogation from Howard for the payment to Latona.

{¶9} Latona was subsequently dismissed with prejudice and service was not obtained on Howard. Song filed a counterclaim for defense, indemnity, medical payments, and uninsured motorists benefits under the Cincinnati Insurance policy.

{¶10} On August 24, 2007, Cincinnati Insurance moved for summary judgment and maintained that Song was not entitled to coverage pursuant to the named driver exclusion. Cincinnati Insurance presented evidence that in October 2005, Song was involved in a motor vehicle accident in Latona's car. Following that accident, Cincinnati Insurance requested additional information from Latona regarding "all licensed drivers that live in the home," and warned:

> If we do not hear back from you or receive this[,] Cincinnati Insurance may take further action due to the increased risk[.]

{¶11} Six months later, on March 15, 2006, Latona signed a named driver exclusion that stated:

> It is agreed the insurance afforded by this policy shall not apply to any claim arising from or in any way involving any motor vehicle while that motor vehicle is being operated by Ky [sic] Song.

{¶12} Latona also indicated that he was not certain that he and Song would remain together, and she would no longer be driving his car.

{¶13} Cincinnati Insurance also claimed that the named driver exclusion was supported by consideration because the company did not cancel the policy due to Song's driving record. In this regard, Cincinnati Insurance presented evidence that on March 21, 2006, Song failed to appear in court in connection with a speeding ticket, and the Mentor Municipal Court sent a declaration of forfeiture of her license to the Bureau of Motor Vehicles.

{¶14} Alternatively, Cincinnati Insurance additionally maintained that Song was not entitled to coverage under the uninsured motorists coverage exclusion for injury or damages sustained by any person while operating a motor vehicle "without a reasonable belief that he or she is entitled to do so, [such as] * * * a person whose license has been suspended[.]"

{¶15} In opposition, Song noted that she was in fact a permissive driver under the policy, and that the named driver exclusion impermissibly modified the policy during its effective term in contravention of R.C. 3937.31(B)(1). She also asserted that Cincinnati Insurance obtained the exclusion by improperly threatening to cancel Latona's policy due to her driving record.

{¶16} As to the insurance company's claim that the exclusion was supported by consideration because the company did not exercise its right to cancel the policy, Song

maintained that the requirements for cancellation were not met because she did not live with Latona and her driver's license was promptly reinstated. Song averred:

> 7. That [my sister's] Seven Hills address was my permanent mailing address both at the time Kevin Latona signed the exclusion form and at the time of the June 9, 2006, motor vehicle accident;
>
> 8. That at those times, Affiant was spending nights at both the home of Kevin Latona, and at Affiant/Affiant's sister's home;
>
> 9. That at that time I maintained a room and clothing at my [sister's] Seven Hills home[;]
>
> 10. That at all times I continued to use my [sister's] Seven Hills address as my residential address including for the receipt of mail.

{¶17} Song additionally maintained with regard to the insurance company's cancellation argument and its related contention that she was excluded from coverage because the collision occurred while she was operating a motor vehicle "without a reasonable belief that he or she is entitled to do so[,]" that she did not have notice from the state that her license had been suspended, and after learning of the suspension, she promptly had it reinstated. In an email dated January 30, 2006, in which Cincinnati Insurance discussed obtaining the named driver exclusion from Latona, it acknowledged that Song's license was "now valid." Finally, she claimed that Cincinnati Insurance waived its right to deny the claim because it paid Latona's claim for property damages from Song's collision with Howard.

{¶18} On September 7, 2011, the trial court awarded summary judgment to Cincinnati Insurance on its claim and on Song's counterclaim. The court concluded that

Latona had voluntarily consented to named driver exclusion that excluded Song from coverage, and that the exclusion was valid and enforceable.[1]   Song now appeals.

{¶19} In her assignments of error, Song asserts that by initially accepting the claim and paying Latona's claim for property damages, Cincinnati Insurance is estopped as a matter of law from now contesting it.   Song also asserts that the trial court erred in enforcing the named driver exclusion because it was procured through economic duress, unsupported by consideration, and impermissibly altered the policy during its term, contrary to R.C. 3937.31(A).

{¶20}   We review an appeal from summary judgment under a de novo standard of review.   *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d 1093,¶ 27 (8th Dist.2002).   Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party.   *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (1983).

{¶21} Pursuant to Civ.R. 56(C), and as stated in *Temple v. Wean United, Inc*. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267, summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom

---

[1]The court additionally found no just cause for delay under Civ.R. 54(B).

the motion for summary judgment is made, that conclusion is adverse to that party.

{¶22} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶23} As to Song's waiver and estoppel argument, we note that in general, the doctrines of waiver and estoppel may not be used to expand insurance coverage. *Erie Ins. Co. v. Favor*, 129 Ohio App.3d 644, 649, 718 N.E.2d 968 (10th Dist.1998). Although there is an exception to this rule where the insured provides a defense without reserving its rights, *id*., this exception is inapplicable herein. The trial court therefore properly rejected this basis of coverage for Song.

{¶24} As to Song's challenge to the named driver exclusion, we note that, in general, insurers are permitted to include terms and conditions to preclude coverage for injury or death of an insured that is caused by a motor vehicle operated by any person who is specifically excluded from coverage in the policy, provided that such circumstances are specified within the policy. R.C. 3937.18(I)(3); *Green v. Westfield Ins. Co.*, 9th Dist. No. 06CA0025-M, 2006-Ohio-5057, ¶ 16-17.

{¶25} However, every automobile liability policy issued must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties and in accordance with R.C. 3937.30 to 3937.39. *See*

*generally Reese v. Barbiere*, 12th Dist. No. CA2002-09-079, 2003-Ohio-5110, ¶ 10.

That is, pursuant to R.C. 3937.31(A):

> (A) Every automobile insurance policy shall be issued for a period of not less than two years or guaranteed renewable for successive policy periods totaling not less than two years.   * * *   No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with sections 3937.30 to 3937.39 of the Revised Code, and for one or more of the following reasons:
>
> (1) Misrepresentation by the insured to the insurer of any material fact in the procurement or renewal of the insurance or in the submission of claims thereunder;
>
> (2) Loss of driving privileges through suspension or expiration of the driver's or commercial driver's license of the named insured or any member of the named insured's family covered as a driver; provided that the insurer shall continue the policy in effect but exclude by endorsement all coverage as to the person whose driver's license has been suspended or has expired, if the person is other than the named insured or the principal operator;
>
> (3) Nonpayment of premium * * *.

**{¶26}** In accordance with the foregoing, Ohio courts have upheld the validity of named driver exclusions aimed at excluding an insured's household member where the exclusion is supported by adequate consideration.  *See Roberts v. Reyes*, 9th Dist. No. 10CA009821, 2011-Ohio-2608.

**{¶27}**    Applying the foregoing to this matter, and in accordance with our duty to conduct a de novo review of this matter, and to view the evidence most strongly in favor of the party against whom the motion for summary judgment is made, we conclude that the trial court erred in awarding Cincinnati Insurance summary judgment in this matter. The record contains evidence that  Latona was the named insured, and Song was a

"covered person" under this policy while using Latona's "covered auto" under the policy for the one-year period beginning on October 27, 2005. One month after that effective date, Cincinnati Insurance sent Latona a letter warning that if Cincinnati Insurance did not receive the additional information, it may "take further action due to increased risk." Six months later, on March 15, 2006, and during the effective period of the insurance policy, Latona signed a named driver exclusion barring Song from coverage. On this record, therefore, Song demonstrated the existence of a genuine issue of material fact as to whether Cincinnati Insurance modified the policy coverage during the policy term, in contravention of R.C. 3937.31.

**{¶28}** Further, the record contains genuine issues of material fact as to whether Cincinnati Insurance obtained an enforceable named driver exclusion supported by sufficient consideration. The record contains conflicting evidence as to whether Song lived with Latona and customarily drove his vehicle. In addition, there was a lack of official documentation as to whether Song's driver's license had been suspended or revoked during the policy period. Accordingly, there are issues of fact as to whether Cincinnati Insurance had a right to cancel the policy or demand additional premiums, the purported consideration for the named driver exclusion. Therefore, we conclude that the trial court erred in awarding summary judgment to Cincinnati Insurance in this matter.

**{¶29}** The assignment of error is well taken. The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.

**{¶30}** Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR