[Cite as *Talarek v. Weaver*, 2018-Ohio-2872.]

STATE OF OHIO            )               IN THE COURT OF APPEALS
                         )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN         )

DANIEL J. TALAREK, LORAIN               C.A. No.       17CA011185
COUNTY TREASURER, et al.

    Appellees

    v.                                     APPEAL FROM JUDGMENT
                                        ENTERED IN THE
                                        COURT OF COMMON PLEAS
KENNETH A. WEAVER, et al.               COUNTY OF LORAIN, OHIO
                                        CASE No.       16TX006716

    Appellants

DECISION AND JOURNAL ENTRY

Dated: July 23, 2018

CALLAHAN, Judge.

{¶1}    Appellants, Kenneth and Kellie Weaver, appeal from the judgment of the Lorain County Common Pleas Court in favor of Appellees, the Lorain County Treasurer ("the Treasurer") and the Lorain County Land Reutilization Corporation ("the Land Reutilization Corp."). For the reasons set forth below, this Court affirms.

I.

{¶2}    The Weavers were the titled owners of the real property located at 1133 West 17th Street, in Lorain, Ohio (Permanent Parcel Number 02-01-006-133-013) ("the Property"). In August 2007, the Weavers were certified as being delinquent for the real estate taxes on the Property. The structure on the Property was later condemned by the City of Lorain. Pursuant to an agency agreement between the City of Lorain and the Land Reutilization Corp., the Property was demolished on April 3, 2013. Demolition costs in the amount of $36,547.07 were certified

to the Lorain County Auditor on May 6, 2013. As of 2016, the Weavers owed $60,008.83 in taxes, assessments (including the demolition cost), penalties, and interest.

{¶3} The Treasurer sought to foreclose on the delinquent real estate taxes, assessments, penalties, and interest and to transfer the Property to the Land Reutilization Corp. without sale and free and clear of all liens, while the Land Reutilization Corp. sought a personal judgment against the Weavers for the demolition costs. The Weavers filed their answer. In accordance with the briefing schedule, the Treasurer and the Land Reutilization Corp. filed a summary judgment motion and two affidavits. The Weavers filed a brief in opposition and one affidavit, which was not executed. The Treasurer and the Land Reutilization Corp. filed a reply brief.

{¶4} The trial court granted summary judgment on both claims in favor of the Treasurer and the Land Reutilization Corp. and against the Weavers. The trial court awarded the Treasurer an in rem judgment in foreclosure based upon the delinquent real estate taxes and ordered the Property foreclosed. The trial court found the Property was abandoned, the Land Reutilization Corp. wished to acquire the Property, and the Treasurer had invoked the statutory alternative redemption period. The Weavers had twenty-eight days after the judgment to redeem the Property. Upon the Weavers' failure to redeem, the Property was ordered to be directly transferred to the Land Reutilization Corp. and all liens on the Property were discharged. Additionally, the trial court ordered a personal judgment in favor of the Land Reutilization Corp. and against the Weavers for the demolition costs.

{¶5} It is from this judgment that the Weavers appeal, raising four assignments of error. The Weavers do not challenge the foreclosure of the Property and only seek to reverse the personal judgment awarded against them. To facilitate the analysis, this Court will consolidate some of the assignments of error.

II.

### ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT APPLIED R.C. []323.78 [AND] R.C. []5722.03 AND ORDERED DIRECT TRANSFER AND A SIMULTANEOUS MONETARY JUDGMENT IN AN UNCONSTITUTIONAL MANNER AND PERMITTED THE MACHINERY OF THE TAX COLLECTION SYSTEM TO VITIATE THE PROTECTIONS AFFORDED [THE WEAVERS] BY OHIO CONST[ITUTION,] ART[ICLE] I[, SECTIONS] 1, 19, EQUAL PROTECTION, AND DUE PROCESS PROTECTIONS AS PROVIDED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING SUMMARY JUDGMENT TO [THE TREASURER AND THE LAND REUTILIZATION CORP.] AND IN SIMULTANEOUSLY ORDERING THE DIRECT TRANSFER OF THE SUBJECT REAL PROPERTY TO THE [LAND REUTILIZATION CORP.], A STATE AGENCY, UNDER R.C. []323.78 [AND] R.C. []5722.03 AND A $36,547.07 PERSONAL JUDGMENT AGAINST [THE WEAVERS].

### ASSIGNMENT OF ERROR NO. 2

AN "UNCONSTITUTIONAL TAKING" OF THE [WEAVERS'] PROPERTY, EVEN IF SEEMINGLY AUTHORIZED BY STATUTE, IS CONSTITUTIONALLY PROHIBITED AS A DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW, UNLESS THE "JUDICIALLY ORDERED" TAKING COMPORTS WITH THE CONSTITUTIONAL REQUIREMENTS OF THE OHIO CONST[ITUTION,] ART[ICLE] I[, SECTION] 1, 19 AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION[.] THE TRIAL COURT'S ORDERED DIRECT TRANSFER AND MONETARY JUDGMENT IN THE INSTANT MATTER CONSTITUTES A VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT'S JUDGMENT SHOULD BE FOUND TO BE ERRONEOUSLY UNCONSTITUTIONAL AS IT PERMITTED THE STATE AND THE MACHINERY OF ITS TAX COLLECTION SYSTEM TO VITIATE THE PROTECTIONS AFFORDED [THE WEAVERS] BY OHIO CONST[ITUTION,] ART[ICLE] XII[, SECTION] 2. LIMITATION ON TAX RATE.

{¶6}    In each of these assignments of error, the Weavers concede that the Constitution and applicable statutes provide for the direct transfer of their Property to the Land Reutilization Corp. in a tax foreclosure.  However, the Weavers contend that the trial court erred in granting summary judgment with respect to the personal judgment. The Weavers argue that the award of a personal judgment against them for real estate taxes in conjunction with the direct transfer of the Property to the Land Reutilization Corp. is in violation of the Ohio Supreme Court precedent and constitutional protections. The Court does not reach the merits of these arguments because they have been forfeited.

{¶7}    This Court reviews an award of summary judgment de novo.[1] *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8}    Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the non-moving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Once the moving party satisfies this burden, the non-moving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. The non-moving party may not rest upon the mere

---

[1] The Weavers agree that the standard of review is de novo, but for different reasons.

allegations or denials in his pleadings, but instead must submit evidence as outlined in Civ.R. 56(C). *Id*. at 293; Civ.R. 56(E).

{¶9} On appeal the Weavers do not challenge the constitutionality of any statute. Instead, the Weavers argue that the trial court's judgment entry is unconstitutional. Specifically, the Weavers contend that the personal judgment for real property taxes in conjunction with the foreclosure of the Property is an unconstitutional taking, violates the due process and equal protection clauses, is a limitation on the tax rate, and is contrary to Ohio Supreme Court precedent. While the Weavers opposed summary judgment in the trial court, they did not assert any of these constitutional arguments and Ohio Supreme Court precedent in opposition to the claim for personal judgment.

{¶10} The Weavers argue that they did not present these constitutional arguments to the trial court because the trial court had not yet entered its unconstitutional judgment entry. Therefore, the constitutional issues were not yet ripe for discussion. Nonetheless, the Weavers assert that the Treasurer and the Land Reutilization Corp. "should have informed the trial court that [c]onstitutionally upon the election of the taking of the fee simple title, that there [could] be no personal judgment issued or taken against the [Weavers]." The Weavers' position is flawed. If the constitutional issues were ripe for the Treasurer and the Land Reutilization Corp. to address at the summary judgment stage, then the issues were also ripe for the Weavers to address during summary judgment.

{¶11} Moreover, the complaint and the summary judgment motion reflect that the Treasurer sought an in rem foreclosure judgment and the Land Reutilization Corp. sought a personal judgment. There was no indication in the record that the Treasurer and the Land Reutilization Corp. were proceeding under alternative legal theories. The summary judgment

motion succinctly requested judgment on both causes of action. Accordingly, the Weavers had notice that both causes of action were being sought simultaneously against them. Thus, it was incumbent upon the Weavers to challenge at the trial court level whether both causes of action were constitutionally permissible. They did not.

{¶12} This Court has previously said, "'[a]lthough this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below.'" (Emphasis sic.) *Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9, quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 Ohio App. LEXIS 3789, *3-4 (Aug. 18, 1999). Indeed, "[t]he very word 'review,'" Justice Scalia has pointed out, "presupposes that a litigant's arguments have been raised and considered in the tribunal of first instance." *Freytag v. Commissioner*, 501 U.S. 868, 895 (1991) (Scalia, J., concurring in part and concurring in the judgment). Because the Weavers failed to raise these constitutional arguments in their brief in opposition to the summary judgment motions, this Court declines to address these three assignments of error. *See Roberts* at ¶ 9; *see also JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal.").

{¶13} The first, second, and fourth assignments of error are overruled.

### ASSIGNMENT OF ERROR NO. 3

"PLAIN ERROR" BY THE TRIAL COURT EXISTS AS ITS JUDGMENT ENTRY IS IN VIOLATION OF THE OPERATIVE PROVISIONS OF FEDERAL AND STATE CONSTITUTIONAL PROTECTIONS AGAINST GOVERNMENTAL TAKINGS, THE CONSTITUTIONAL APPLICATION OF OHIO STATUTES CITED BY THE TRIAL COURT ALLOWING "DIRECT TRANSFER" AS A "CONSTITUTIONAL TAKING" MUST BE ALLOWED ONLY WITH COMPLIANCE OF THAT PRECEDENT AS ESTABLISHED BY THE OHIO SUPREME COURT BE FOLLOWED[.] THE

TRIAL COURT COMMITTED PREJUDICIAL "PLAIN ERROR" BY GRANTING SUMMARY JUDGMENT TO [THE TREASURER AND THE LAND REUTILIZATION CORP.] ORDERING A DIRECT TRANSFER AND A $36,547.07 PERSONAL JUDGMENT AGAINST THE [WEAVERS].

{¶14} In their third assignment of error, the Weavers assert that "[t]he trial court committed plain error and caused [the Weavers] to suffer an unconstitutional taking without 'just compensation' by simultaneously ordering both the direct real estate transfer and a $36,547.07 personal judgment against [them]." This Court disagrees.

{¶15} Similar to the other assignments of error, the third assignment of error challenges the trial court's grant of a personal judgment against the Weavers as being unconstitutional. As addressed above, these constitutional challenges were not raised in the trial court. Accordingly, the Weavers have forfeited all but plain error, which they now raise in their third assignment of error.

{¶16} A plain error is one that is "obvious and prejudicial although neither objected to nor affirmatively waived which, if permitted, would have a material adverse effect on the character and public confidence in judicial proceedings." *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209 (1982). The Supreme Court of Ohio set forth the plain error standard as follows:

> In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.

*Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. Thus, in civil cases plain error has a narrow application and is applied with the "utmost caution." *See id.* at 121. *See also Dragway 42, L.L.C. v. Kokosing Constr. Co.*, 9th Dist. Wayne No. 09CA0073, 2010-Ohio-4657, ¶ 27.

{¶17} The Weavers contend that plain error exists because they suffered an unconstitutional taking without just compensation when the trial court granted the foreclosure

and directly transferred the Property to the Land Reutilization Corp. and granted a personal judgment on the property taxes. "Both the United States and the Ohio Constitutions provide that private property shall not be taken for public use without just compensation." *State ex rel. R.T.G., Inc. v. State*, 98 Ohio St.3d 1, 2002-Ohio-6716, ¶ 33, citing Fifth and Fourteenth Amendments to the U.S. Constitution; Article I, Section 19, Ohio Constitution.

{¶18} The Takings Clause is not applicable in this matter for two reasons. First, while the Weavers' property was taken via a tax foreclosure, they are not challenging the foreclosure judgment, only the personal judgment. Second, the record does not reflect that the Weavers ever sought and were denied compensation for their Property. *See Stewart v. Woods Cove II, L.L.C.*, 8th Dist. Cuyahoga No. 105160, 2017-Ohio-8314, ¶ 36 (Keough, J., dissenting) (the owner must have sought and been denied just compensation for the taking of the property). Instead, there is a personal judgment against the Weavers for demolition costs related to the Property. Based on these facts, there was no unconstitutional taking and no plain error occurred.

{¶19} The Weavers also assert that plain error exists because Ohio Supreme Court precedent has "established that no personal obligation for a real property tax liability can exist upon any owner of that property that is foreclosed upon for tax debt." (Emphasis deleted.) While it is true that real estate taxes run with the land and become a lien on the land, *Southern Ohio Savs. Bank & Trust Co. v. Bolce*, 165 Ohio St. 201, 208 (1956), and certified demolition costs are assessments and treated as a tax lien, *Cleveland Metro. Hous. Auth. v. Lincoln Property Mgt. Co.*, 22 Ohio App.2d 157, 160-161 (8th Dist.1970), the Weavers disregard the application of R.C. 715.261 in this case.

{¶20} R.C. 715.261(B)(1), (2) and (H) provide that when demolition costs have been certified as a lien on the tax duplicate and subsequently extinguished due to the transfer of the

parcel to a land reutilization corporation, a civil action may be instituted by the municipal corporation to recover the demolition costs against the persons who held title to the parcel at the time the costs were incurred. In this case, the trial court's judgment entry ordered that upon transfer of the Property to the Land Reutilization Corp. "all impositions and any other liens on the [P]roperty [] shall be deemed forever satisfied and discharged." The Weavers agree that the demolition lien was satisfied but contend it is "impossible" to have a personal judgment against them by any entity. However, R.C. 715.261(B)(1), (2) and (H) provides for a personal judgment against the Weavers to recover the demolition costs in conjunction with a tax foreclosure involving the direct transfer of property to the Land Reutilization Corp. upon the extinguishment of the lien.

{¶21} Notably, the Weavers' plain error argument did not challenge whether the personal judgment was entered in favor of the proper entity. "When a [party] fails to undertake a plain-error analysis, this Court will not create an argument on [the party's] behalf." *State v. Chapman*, 9th Dist. Summit No. 28626, 2018-Ohio-1142, ¶ 23. Accordingly, this Court makes no determination as to whether the proper entity instituted the civil action for the personal judgment. Accordingly, the Weavers have failed to demonstrate that the personal judgment against them is a result of plain error.

{¶22} In addition to disregarding the application of R.C. 715.261, the Weavers also failed to challenge the constitutionality of this statute. While the Weavers have asserted plain error arguments, the constitutionality of R.C. 715.261 was not one of those arguments. Again, this Court will not create a plain error argument for a party that fails to develop the plain error analysis. *Chapman* at ¶ 23.

{¶23} The Weavers' third assignment of error is overruled.

III.

**{¶24}** Kenneth and Kellie Weavers' assignments of error are overruled. The judgment of the Lorain County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

ROBERT J. GARGASZ, Attorney at Law, for Appellants.

DENNIS P. WILL, Prosecuting Attorney, and CHRIS A. PYANOWSKI, Assistant Prosecuting Attorney, for Appellees.