[Cite as *Copley Mini Mart, Inc. v. Copley Properties, L.L.C.*, 2019-Ohio-33.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| COPLEY MINI MART, INC. | | C.A. No. 28942 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| COPLEY PROPERTIES, LLC | | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. 16-CVF-07207 |

DECISION AND JOURNAL ENTRY

Dated: January 9, 2019

CALLAHAN, Judge.

{¶1} Appellant, Copley Mini Mart, Inc., appeals from the judgment of the Akron Municipal Court in favor of Appellee, Copley Properties, LLC. For the reasons set forth below, this Court affirms.

I.

{¶2} This case involves a commercial lease of a convenience store. Copley Mini Mart, Inc. ("Tenant") entered into a five-year lease with Copley Properties, LLC ("Landlord") that commenced on November 1, 2011 and terminated on October 31, 2016. The lease contained provisions regarding the term of the lease, the rental amount, utilities, use of the premises, insurance coverage, re-entry upon default, surrender of the premises, and an option to renew.

{¶3} In April 2016, Tenant and Landlord had a discussion regarding renewing the lease. After this conversation, Tenant made improvements to the premises and hired a consultant to conduct a local-option election campaign to sell beer and wine at the store. Tenant sent a

written notice of its intent to renew the lease to Landlord on June 23, 2016. A week later, Landlord refused Tenant's request to renew the lease because it was untimely.

{¶4} On October 19, 2016, Landlord sent two letters to Tenant. The first letter notified Tenant that it was in default of the lease due to alleged deficiencies with the insurance coverage it maintained for the premises. The second letter notified Tenant that the lease would expire on October 31, 2016 and requested assurances from Tenant that it would vacate the premises by that date. Tenant refused to vacate the premises.

{¶5} Six weeks prior to the lease expiring, Tenant filed a complaint for declaratory judgment as to the parties' rights and obligations under the lease and the option to renew. Landlord filed a counterclaim also seeking declaratory judgment as to the parties' rights and obligations under the lease and the option to renew, in addition to claims for forcible entry and detainer and money damages. Tenant amended its complaint to add a claim for intentional interference with its business.

{¶6} After conducting discovery, Tenant and Landlord filed summary judgment motions on their claims for declaratory judgment and forcible entry and detainer. The trial court granted summary judgment in favor of Landlord, declaring that Tenant was not in compliance with the lease and was precluded from renewing the lease. The trial court also granted Landlord a judgment for a writ of restitution. The next day Landlord evicted Tenant and repossessed the premises pursuant to the self-help provision in the lease by installing new locks and a new security system at the premises.

{¶7} Tenant timely appeals from this judgment entry, asserting two assignments of error. For ease of analysis, this Court reorders the assignments of error. However, as an initial matter, we address Landlord's motion to dismiss this appeal.

II.

**MOTION TO DISMISS**

{¶8} Landlord moved to dismiss this appeal as moot because Tenant was no longer in possession of the premises and Tenant failed to obtain a stay of execution. Landlord's requested relief is misplaced because this appeal involves legal disputes regarding two causes of action: declaratory judgment and forcible entry and detainer.

{¶9} When an appeal includes challenges to multiple causes of action, including forcible entry and detainer, and the tenant is no longer in possession of the premises and has failed to obtain a stay, then in that instance, only the assignments of error regarding the forcible entry and detainer are moot, as opposed to the entire appeal. *See Valente v. Johnson*, 4th Dist. Athens Nos. 06CA31, 06CA38, 2007-Ohio-2664, ¶ 19-23 (addressing tenant's assignments of error related to the money damages judgment and dismissal of tenant's counterclaims, but declining to address tenant's assignments of error related to the forcible entry and detainer judgment due to mootness). *Accord Tripp v. French*, 9th Dist. Medina No. 02CA0004-M, 2002-Ohio-6996, ¶ 9-23; *AVB Properties, LLC v. Chesler*, 9th Dist. Lorain No. 05CA008702, 2006-Ohio-4306, ¶ 5-21. Because Tenant appealed the judgments in both causes of action, this Court concludes that the appeal is not moot, and Landlord's motion to dismiss is denied.

**SECOND ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING IMMEDIATE POSSESSION OF
THE SUBJECT PREMISES TO LANDLORD.

{¶10} In the second assignment of error, Tenant asserts three separate bases upon which the trial court erred when it granted judgment to Landlord on its forcible entry and detainer counterclaim. This Court does not reach the merits of any of these arguments, because the second assignment of error is moot.

{¶11}  In a commercial lease, a landlord can evict a tenant by judicial process under R.C. 1923 et seq. or pursuant to a self-help provision contained in a lease that waives judicial process. *See Greer v. Bruce*, 1st Dist. Hamilton No. C-140121, 2014-Ohio-4901, ¶ 16; *Craig Wrecking Co. v. S.G. Loewendick & Sons, Inc.*, 38 Ohio App.3d 79, 83 (10th Dist.1987). In this case, Landlord proceeded with an eviction via judicial process by filing a counterclaim and obtaining a judgment for forcible entry and detainer, but then promptly exercised the self-help provision in the lease to evict Tenant.  Moreover, the record confirms that Tenant was not evicted by judicial process because although the trial court issued a judgment for a writ of restitution, it did not issue an actual writ of restitution. Because Tenant was not evicted by judicial process, all of Tenant's arguments premised upon the trial court granting Landlord a judgment for a writ of restitution are moot.

{¶12}  Assuming arguendo that the trial court erred in granting a judgment for a writ of restitution, any such errors would be harmless because the writ of restitution was never issued and Tenant was evicted pursuant to the self-help repossession clause in the lease. Since Tenant was not evicted by judicial process, it has failed to explain how it is aggrieved by the judgment for a writ of restitution.

{¶13}  Tenant's second assignment of error is moot.

## FIRST ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF LANDLORD (TRIAL COURT ORDER PAGE 6 AND 7)[.]

{¶14}  Tenant's first assignment of error sets forth four ways in which the trial court erred when it granted summary judgment in favor of Landlord regarding the declaratory judgment actions.  This Court disagrees with each of Tenant's arguments.

{¶15} Appellate courts consider an appeal from summary judgment under a de novo standard of review, using the same standard that the trial court applies. *See Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24, citing *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record. *See Bonacorsi* at ¶ 24.

{¶16} Summary judgment is proper under Civ.R. 56(C) when: (1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can only reach one conclusion, and that conclusion is adverse to the nonmoving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶17} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* Once the moving party satisfies this burden, the nonmoving party has a "reciprocal burden" to "'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E). The nonmoving party "'may not rest upon the mere allegations or denials of his pleadings,'" but instead must submit evidence as outlined in Civ.R. 56(C). *Id.*, quoting Civ.R. 56(E).

{¶18} In this case the parties sought summary judgment as to their declaratory judgment claims regarding the parties' rights and obligations under the lease relative to the option to renew the lease. Landlord argued that Tenant was not entitled to exercise the option to renew the lease because Tenant failed to comply with the conditions and requirements of the lease; namely,

Tenant failed to maintain insurance coverage naming Landlord as an insured and Tenant operated illegal gambling machines on the premises. Landlord presented an affidavit, the lease, deposition testimony, and other documentary evidence of these breaches. In the alternative, Landlord argued if Tenant had the right to exercise the option to renew, Tenant failed to timely provide written notice of its intent to renew the lease.

{¶19} In its combined response to Landlord's motion for summary judgment and in support of its own summary judgment motion, Tenant presented only one argument: that Landlord had waived the lease provision requiring written notice of renewal and was equitably estopped from refusing Tenant's notice of renewal of the lease. In response to the allegations that it violated the lease, Tenant did not make any arguments in its brief in opposition. Instead, Tenant presented an affidavit from Mr. Singh, the owner of Copley Mini Mart, Inc., which averred that "[Landlord] has at all times been insured by [Tenant] pursuant to the lease." This averment, however, contradicts, without explanation, Mr. Singh's deposition testimony, wherein he conceded that the May 2016 insurance policy did not list Landlord as an insured and Landlord was not added to the policy until six months later, which was after the lease expired. "An affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, paragraph three of the syllabus; *see Craddock v. The Flood Co.*, 9th Dist. Summit No. 23882, 2008-Ohio-112, ¶ 15. As to Landlord's allegation that Tenant operated illegal gambling machines at the property, Tenant was nonresponsive. Thus, Tenant failed to meet its reciprocal burden to present evidence creating a genuine issue of material fact regarding the lease violations.

{¶20} The trial court applied the doctrine of equitable relief and declared Tenant's four-month written notice sufficient and thus timely. Nonetheless, the trial court declared that the lease was expired because Tenant failed to comply with three lease provisions and there was never an agreement as to the new rental amount.

{¶21} On appeal, Tenant argues that the trial court erred in declaring Tenant failed to comply with the lease provisions because there was no evidence that Tenant failed to cure the alleged violations of the lease rendering it in default and thus precluding it from renewing the lease. While Tenant discussed the related notice provision regarding a lease violation in the trial court, Tenant did not raise the right to cure provision and the lack of such evidence.

{¶22} "'Although this Court conducts a *de novo* review of summary judgment, it is nonetheless a *review* that is confined to the trial court record. The parties are not given a second chance to raise arguments that they should have raised below.'" (Emphasis sic.) *Roberts v. Reyes*, 9th Dist. Lorain No. 10CA009821, 2011-Ohio-2608, ¶ 9, quoting *Owens v. French Village Co.*, 9th Dist. Wayne No. 98CA0038, 1999 WL 635722, *1 (Aug. 18, 1999). "Arguments that were not raised in the trial court cannot be raised for the first time on appeal." *JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12. Because Tenant failed to raise this argument to the trial court, the same is not properly before this Court, and we therefore decline to address this argument.

{¶23} Additionally, Tenant contends that equitable considerations preclude the forfeiture of the lease. Tenant argued and the trial court applied the principals of equity to declare that Tenant complied with the written notice requirement of the option to renew. On appeal, Tenant attempts to extend the equity argument to also excuse its violations of various

lease terms. Again, Tenant did not make this argument to the trial court, and this Court declines to address this equity argument for the first time.

**{¶24}** Also, Tenant argues the trial court erred in declaring that there was no agreement as to the rental amount because Landlord breached the duty of good faith and fair dealing. However, a review of Tenant's summary judgment briefs reflects that Tenant did not raise this argument to the trial court, and it also will not be considered for the first time on appeal.

**{¶25}** Next, Tenant argues that the trial court erred in finding that Tenant breached the lease by failing to pay real estate taxes and using that as a basis to declare the lease expired. Tenant submits, and Landlord concedes, that the failure to pay real estate taxes was not an issue raised in Landlord's motion for summary judgment. While this was an improper basis to support the declarations that Tenant failed to comply with the terms of the lease and thereby failed to comply with the conditions of the option to renew the lease, failure to pay real estate taxes was not the only lease violation relied upon by the trial court.

**{¶26}** The trial court also found that Tenant failed to maintain insurance coverage in accordance with the terms of the lease and conducted unlawful activities on the premises. As to the insurance policy, Tenant on appeal states that it "did attest that it had maintained insurance on the property" and refers to the affidavit of Mr. Singh. As discussed above, the affidavit of Mr. Singh did not create a genuine issue of material fact as to whether there was a lease violation arising from the insurance provision. Accordingly, summary judgment in favor of Landlord was appropriate on this basis.

**{¶27}** Further, Tenant does not challenge the evidence regarding the lease violation for operating illegal gambling machines on the property. "To demonstrate reversible error, [an appellant] has the burden to demonstrate error as well as prejudice resulting from that error." *In*

*re P.T.*, 9th Dist. Summit No. 24207, 2008-Ohio-4690, ¶ 17. When a trial court grants judgment on multiple, alternative bases and an appellant does not challenge one of those bases on appeal, this Court will uphold the judgment on the unchallenged basis. *See Tabatabai v. Thompson*, 9th Dist. Medina No. 16CA0044-M, 2017-Ohio-361, ¶ 15. While this Court agrees with Tenant that the finding regarding a breach of the lease for not paying real estate taxes was improper, that finding does not amount to reversible error. Tenant has not challenged the trial court's alternative finding that Tenant operated illegal activities on the premises, which supports the declarations that Tenant violated the terms of the lease and failed to comply with the conditions of the option to renew the lease. *See Princess Kim LLC v. U.S. Bank, Natl. Assn.*, 9th Dist. Summit No. 27401, 2015-Ohio-4472, ¶ 18.

**{¶28}** Lastly, Tenant asserts that the trial court erred in finding that the lack of agreement as to the amount of the renewal rental was grounds for denying Tenant's renewal of the lease. However, Tenant fails to recognize that the trial court declared that the lease was not renewed because of multiple lease violations, in addition to the lack of agreement of the rental amount. Based upon the analysis above regarding the lease violations, it is unnecessary to decide whether the trial erred in its finding regarding the lack of agreement about the rent because it would not rise to reversible error.

**{¶29}** Tenant's first assignment of error is overruled.

III.

**{¶30}** Copley Mini Mart, Inc.'s first assignment of error is overruled. This Court declines to address Copley Mini Mart, Inc.'s second assignment of error. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOHN CURTIS ALBERTI, Attorney at Law, for Appellant.

STEVEN J. PRUNESKI, Attorney at Law, for Appellee.